## ARTEMUS T. SHARPE vs. HIRAM ROGERS.

A written instrument in which the obligors undertake "to execute and deliver to each and every lot owner who may have title thereto from Joseph Briesson and wife, or from either of them in any portions of lot known as lot four, section 29, town 111, north of range 10 west, State of Minnesota, a good and suffi-cient deed in fee simple with all proper covenants of warranty, whenever here-after a patent shall be issued for said lot 4 to said Pauline Monette," &c., is void for uncertainty as to the property to be conveyed by the deed.

This action was commenced in the District Court of Wabashaw County to recover the possession of certain real estate in said county, to which the plaintiff claims title from the United States through Pauline Monette and Oliver Monette, her husband, to-wit: a certain portion of lot 4, section 29, township 111, north range 10 west. The defendant in his answer alleges that before said Pauline Monette received a patent for said lot 4, one Joseph Breis-son was in the possession of the same, and claimed a right to the patent; that by virtue of such claim said Briesson had sold and conveyed certain portions thereof to different individuals, and among others to one James Kirkman and Duncan McKenzie, the lands, the possession of which is in dispute in this action, who conveyed to one Lyman M. Gregg, who conveyed to defendant; that the said Pauline Monette, and her husband, for the purpose of adjusting differences and disputes and settling with those who claimed title to any portion of the said lands by conveyance from Joseph Breisson, and of avoiding their opposition to her obtaining the patent, and for other good and sufficient consideration, togeth-

er with the plaintiff, duly executed under their hands and seals, the following agreement in writing, to-wit:

"Know all men by these presents, that we, Oliver Monette and Pauline Monette, wife of said Oliver Monette, of the county of Wabashaw and State of Minnesota, do hereby bind ourselves, our heirs and legal representatives, to execute and deliver to each and every lot owner, who may have title thereto from Joseph Bricsson and wife, or from either of them, in any portions of lot known as four (4), section 29, town 111, north of range 10 west, State of Minnesota, a good and sufficient deed in fee simple with all proper covenants of warranty, whenever a patent shall be issued for said lot 4 to said Pauline Monette on reasonable demand, and the payment of fifteen dollars to meet the expenses made in the premises. And we, Oliver Monette and Pauline Monette, as heretofore do expressly empower, our attorney in fact, Artemus T. Sharpe, to execute on his part in our name for us all such deeds and conveyances as may be in any way requisite to carry out the true intent and meaning of this agreement.

"In witness whereof we have hereunto set our hands and seals this 19th day of November, A. D., 1859.

HIS
OLIVER X MONETTE, [SEAL.]
MARK.

Executed in the presence of

L. GILBERT,
J. A. CRESWELL."

HER
PAULINE X MONETTE, [SEAL.]
MARK.

Here follows an acknowledgment in usual form:

"I, Artemus T. Sharpe, of the town aforesaid, county of Wabashaw, State of Minnesota, attorney in fact for Oliver Monette and Pauline Monette, his wife, do hereby bind myself, my heirs and legal representatives to do all and every thing necessary to carry out the above written instrument, and to secure to said lot owners a good and sufficient title to the above described portions of land.

"Given under my hand and seal this 19th day of November, A. D., 1859.

ARTEMUS T. SHARPE, [SEAL.]

"Signed, sealed and acknowledged in the presence of

"T. L. GILBERT,
"J. A. CRESWELL."

Sharpe v. Rogers.

Here follows an acknowledgment in usual form.

He also alleges a tender of the amount to be paid under this agreement and interest, and a demand for a conveyance from plaintiff of the lands in dispute, and his refusal. The plaintiff demurred to this answer upon the following among other grounds:

"That said agreement alleged therein is void for uncertainty and other defects.

"That said answer does not state facts sufficient to constitute a defence to the cause of action alleged in the complaint."

The demurrer was brought on for hearing at the December term, 1863, of said Court, and was sustained by the Court. The defendant appeals to this Court from the order sustaining the demurrer.

SMITH & GILMAN for Appellant.

The position that the bond is void for uncertainty, that is, that no one is specially named as the obligee, is not well taken; for the obligees, or those for whose use and benefit the bond was executed, are clearly and sufficiently indicated and pointed out. A bond or deed that designates the obligees or grantees, by any general description, is binding; as where it is to "the children," or "heirs," or "heirs of the body," &c. *Shaw vs. Lond*, 12 *Mass.*, 448; 4 *Kent. Com.*, *9th Ed.*, *page* 540. "It is not necessary that the parties should be expressly named." 1 *Hilliard on Vendors*, 52. "A bond to convey lands to a board not *in esse* is not void, by reason of the want of a grantee." *Sargeant vs. The State Bank*, 4 *McLean*, 339, *and same case in* 12 *How.*, 371. "Any writing that sufficiently identifies the parties and describes the land," is binding. *Chiles vs. Conley*, 2 *Dana*, (*Ky.*,) 21; *Gray vs. McClure*, 11 *Harris*, (*Pa.*,) 447.

The grantees of Briesson and wife to the land mentioned, are as clearly designated and pointed out with as much certainty, and are as easily ascertained, as the "children," or "heirs," or "heirs of the body," of a person named. In fact, the matter is left in no uncertainty whatever. There is not the least difficulty in deter-

mining who are entitled to the benefit of the bond, so far as it purports or was intended to secure rights or benefits to any one. The defendant by his answer, brings himself within the class for whose benefit the bond was made.

There is no difficulty in ascertaining the land to be conveyed. They are to convey "any portion" of lot 4, &c., to any one having title "thereto," that title to "any portion" of said lot 4, from Briesson and wife.

The defendant is entitled to a specific performance of the bond.

Specific performance will be decreed against a party binding himself, though the agreement be only signed by him. *Rogers vs. Saunders*, 16 *Maine*, 92, 97; *Gitshell vs. Jewett*, 4 *Greenl.*, 350; *Lanney vs. Cole*, 3 *Green Ch.*, 229, (*N. J.*); *Closen vs. Bailey*, 14 *John.*, 485; *Ballard vs. Walker*, 3 *John. Cases*, 60; *Laton vs. Glade*, 7 *Vesey*, 275; 2 *Hilliard on Vendors*, 189, *note* (*A*), *and* 307.

The plaintiff personally covenants under seal, (which imports a consideration,) that he personally will "do all and every thing necessary to carry out" the bond of Monette and wife. He does not covenant that they shall carry out the bond, but that he will. This makes it his bond as much as theirs. But he further binds himself also, personally, "to secure to said lot owners a good and sufficient title to the above described portions of land."

This is his personal covenant and is binding upon him, and if the legal title comes to him, as it has done, the Court will compel him to convey it "to said lot owners," in compliance with and to satisfy his bond.

J. B. DAVIS and MASTERSON & SIMONS for Respondent.

I.—No person or persons are named, or sufficiently described, to whom the sale is to be made. As to names the paper is absolutely silent. It is absolutely impossible for the Court to ascertain from the instrument itself, or from any paper to which it refers, who is entitled to any portion of the lot of land therein described. The paper is not only uncertain upon this point, but it

Sharpe v. Rogers.

is absolutely dumb.   Not the least reference is made by name, sex, color or age, to any person to whom the land is to be sold. How can the Court tell from anything in this agreement, that the defendant Hiram Rogers is to have a portion of the land, or has any more right to it under the agreement than any other person? There is nothing in the agreement that distinguishes Hiram Rogers from any other man that ever lived, or that ever will live.   He is not named, and there is not the least allusion to him.   The instrument in question is not a contract.   It has not the elements of a contract.   There are no parties to it.   It is perhaps not necessary under the statute that the contract should be signed by both parties, but there must be parties upon both sides, and they must be named in the contract.   The contract must show who they are. The most essential element of a contract of sale, viz., the name of the party to whom the sale is to be made, is entirely omitted in this instrument.

The instrument itself does not even purport to be a contract between parties.   It is not even an offer, for no person is named to whom an offer is made.   The most that can be said in its favor is that it shows a willingness on the part of the signers to enter into negotiations with some person or persons—nobody knows who, in relation to the land therein described.   But the offer was not accepted; the negotiations have never been entered into.   The statute requires that the contract, or some note thereof, be in writing.   This means that all the essential terms of the contract shall be in writing.   There can be no more essential term or part of a contract for the sale of land than the name of the vendee. In this case no vendee is named in the contract, and for that reason we submit that it is void under the statute of frauds.

II.—In this instrument there is no description whatever of the property that is to be sold.   The only words describing the property to be sold are these: " any portions of lot known as lot 4, section 29," &c.   The only thing known with any degree of certainty as to the property to be sold is, that it is situated in lot 4, section 29, town 111, north of range 22 west, in the county of Wabashaw and State of Minnesota.   It does perhaps appear that

the whole of lot four is not to go to any one individual, but what particular portion is to go to one individual, and what to another, cannot be ascertained from this instrument. What more right has Rogers to lot one, in block six, (the property in dispute), than he has to any other lot? This question can't be answered from an inspection of the agreement, nor of any paper to which it refers. How can any Court say that it is carrying out the intention of the agreement by declaring this particular "portion" of lot four to be the property of the defendant?

Who can tell how large a piece of land a "portion" is? (This is the word used in the card.) Or in what part of this lot four it is situated? Or who can tell that the lot in dispute was the "portion" that was to go to Rogers? Suppose some other person happened to have been in possession of this lot one instead of Rogers, could not he claim it as his "portion" under the agreement with as much plausibility as Rogers?

The contract makes no distinction between "portions," any more than it does between names or persons, for it describes neither. It is impossible for a Court to compel the specific performance of a contract for the sale of land, unless the contract itself contains such a description of the land as distinguishes it from all other land. This lot 4 is divided up into blocks and lots. There is nothing in this agreement that refers to any one lot or block more than to an other, or to anything by which any one lot can be identified, or that identifies lot one in block six as the property of the defendant, or as the property that was to be sold to him. There is nothing in the agreement to show that Rogers has any better right to this lot than to any other, or than any other "lot owner."

In short, there is not the slightest reference in this document to Hiram Rogers, nor to lot one, nor to any land that is to be sold to him. If there is any one particular in which a contract for the sale of land in which a court of equity is called upon to enforce specifically, that should be more certain than another, it is perhaps in relation to the description of the land that is to be sold. The Court will never interfere unless the particular land to be conveyed is described in the contract or in some paper

to which it refers. The whole contract is to be in writing under the statute of frauds, and if the contract does not contain such a description of the land to be sold, as to distinguish it from other lands, it is not a compliance with the statute. If this contract is to be enforced by the Court, the Court must ascertain the land to be sold, and the person to whom it is to be sold by parol, which is the very thing prohibited by the statute, and which would render the statute a nullity.

We further submit, that there are no words in this bond descriptive of the land to be sold, they are only descriptive of the party to whom the land is to be sold. They refer to the former— and not to the land.

We therefore submit that the whole contract is in this respect totally defective. *Fry on Specific Performance of Contracts,* *pp.* 83, 84, 85, 88, 90, 91, 123 ; *Sugden's Vendors and Purchasers,* *Vol.* 1, *pp.* 104–5, 111 ; *Parkhurst vs. Van Cortlandt,* 1 *Johns. Ch. R.,* 273 ; *Bailey vs. Ogden,* 3 *Johns. R.,* 418 ; *Brodie vs. St. Paul,* 1 *Vesey, Jun.,* 333 ; *Clainen vs. Bailey,* 14 *Johns. R.,* 437 ; *Jackner vs. Corey,* 18 *Johns. R.,* 385 ; *Aberl vs. Radcliff,* 13 *Johns. R.,* 293 ; *Jackner vs. Parkhurst,* 4 *Wend.,* 319 ; 4 *Bacon's Abridgement,* 508 ; *Pipkin vs. James* 1 *Humph.,* 325.

III.—The instrument set up in the answer in this case is not only in itself entirely incomplete, uncertain and insufficient, under the statute of frauds, but it contains no reference whatever to any other paper or writing by which it can be made certain and sufficient.

*By the Court*—BERRY, J.—This is an appeal from an order sustaining a demurrer to the answer of Rogers the defendant below. In setting forth his defence, the defendant relies upon an instrument in writing which he claims to be a sufficient compliance with the statute of frauds. Our statute declares that every contract, &c., for the sale of any lands or any interest in lands shall be void, unless the contract or some note or memorandum thereof, &c., &c., be in writing, &c., &c. *Pub. Stat.* 457, *Sec.* 8. Parsons defines a contract to be "an agreement between two or more

parties for the doing or the not doing of some particular thing." 1 *Pars. Con., 5th Ed.,* 6. Whatever may be the precise obligations of Sharpe under the instrument signed by him, they of course depend upon the instrument executed to the Monettes in which they assume to bind themselves, heirs and legal representatives in their own language, "to execute and deliver by each and every lot owner who may have title thereto from Joseph Briesson and wife, or from either of them, in any portions of lot known as lot four (4), section 29, town 111, north of range 10 west, State of Minnesota, a good and sufficient deed in fee simple with all proper covenants of warranty, whenever hereafter a patent shall be issued for said lot 4 to said Pauline Monette on reasonable demand, and the payment of fifteen dollars to meet the expenses made in the premises." This quotation comprises all that is contained in the instrument touching the description of the property to be conveyed, or the persons to whom conveyance is to be made. And a careful reading of the instrument fails to discover any intimation as to what property was to be conveyed by the deed agreed to be executed. Upon this point the instrument is absolutely dumb. We are left entirely in the dark as to whether the Monettes undertook to convey to each "lot owner who may have title thereto from Joseph Briesson," the particular lot to which he had title in that way or some other lot or tract of land or other property. The agreement is simply to execute and deliver a good and sufficient deed without specifying what that deed is to convey. This certainly is not an agreement "to do some particular thing," and so not a contract either within or without the statute of frauds. We have great doubt whether the instrument is not also void upon several of the other grounds urged by the counsel for the respondent, but we deem it unnecessary to go into any examination of them. The order sustaining the demurrer is affirmed. Leave having been granted below to the defendant to apply for permission to file an amended answer, the case is remanded for further proceedings.